UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA BURLEIGH, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. H-06-3327 |
| ALLSTATE INSURANCE COMPANY, *et al*, | } |
| Defendant. | } |

**MEMORANDUM OPINION & ORDER**

Pending before the court is Plaintiff Brenda Burleigh's ("Burleigh's") motion to remand for lack of jurisdiction and her memorandum in support thereof (Doc. 12). Defendants filed a response (Doc. 15). For the reasons articulated below, the court ORDERS that Burleigh's motion to remand is DENIED.

I.	Background & Relevant Facts

Burleigh sued Allstate Insurance Company and "Allstate Texas Lloyd's Insurance Company" in the 270th District Court of Harris County, Texas. Pl.'s Orig. Pet (Doc. 1 Ex. A). She claimed damages for breach of contract and deceptive trade practices arising from the policy coverage of her home, which was destroyed by a fire. Burleigh misnamed the second defendant. The parties dispute whether Burleigh meant to sue Allstate Texas Lloyd's, Inc. ("Texas Lloyd's, Inc") or Allstate Texas Lloyd's ("Texas Lloyd's").

Texas Lloyd's, Inc. is not an insurance company. *See* Leston Aff. ¶ 4 (Doc. 15 Ex. 2). It "does not sell policies of insurance, does not earn premium income, and is not required to file an Annual Statement with the Texas Department of Insurance in its own name and for its own account." *Id*. Texas Lloyd's, Inc. is the attorney in fact in Texas for Texas

Lloyd's. *Id*. Moreover, the only services performed by Texas Lloyd's, Inc. are those of an attorney in fact for Texas Lloyd's. *See id*. ¶ 8. In this capacity, Texas Lloyd's, Inc. executes the policies of insurance on behalf of Texas Lloyd's. *Id*. ¶ 16. Texas Lloyd's, Inc.'s state of incorporation is Texas. *See* Certif. of Form and Art. of Incorp. (Doc. 12 Exs. C & D)

Texas Lloyd's, on the other hand, is an unincorporated association of underwriters that sells insurance under a Lloyd's plan. Leston Aff. ¶ 4 (Doc. 15 Ex. 2). It is an authorized insurance carrier and registered with the Texas Department of Insurance. Bowersox Aff. and Tex. Dep't Ins. search list (Doc. 15 Ex. 1). Texas Lloyd's issued and managed the homeowner policy in dispute in this case. *See* Burleigh's Texas HO-A-Plus Homeowners Decl. Pg. and Adjuster Summary (Doc. 12, Exs. E & F). It does not share employees, policies, practices, advertising, a business name, profits, or losses with Texas Lloyd's, Inc. Leston Aff. ¶¶ 7, 10, 12, 13, & 15 (Doc. 15 Ex. 2). Texas Lloyd's is completely diverse from the Plaintiff. Scarbrough Aff. (Doc. 1 Ex. 1).

II.      Legal Standard on Fraudulent Joinder

A party seeking to invoke the federal courts' removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "In order successfully to prove that non-diverse defendants have been improperly joined in order to defeat diversity, the removing party must demonstrate that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id.* (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)). This language may be misleading as the test for fraudulent joinder "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against

an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In resolving the issue, the court may conduct a "Rule 12(b)(6)-type" analysis, looking initially at the allegations of the complaint. *Id*. The district court, when reviewing a claim of fraudulent joinder, "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson*, 99 F.3d 751 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). After the district court resolves all disputed questions of fact and all ambiguities of the controlling law in favor of the plaintiff, the court will then determine if a party has any possibility of recovery against the party whose joinder is questioned. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden*, 60 F.3d at 216. Therefore, if the court finds any possibility that the plaintiff has a cause of action against any non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-52.

III.        Analysis

Plaintiff does not argue the merits of fraudulent joinder; rather, she contends that Texas Lloyd's, Inc. was the insurer on her homeowner's policy. This contention is belied by the uncontested evidence before the court regarding Texas Lloyd's, Inc's role as the attorney in fact for Texas Lloyd's. In all likelihood, Burleigh meant to sue Texas Lloyd's from the outset and merely misnamed the entity; nevertheless, the court will assess Burleigh's claims against Texas Lloyd's, Inc. as if Burleigh meant to and did join Texas Lloyd's, Inc. to her suit.

In this case, the court finds that there is no reasonable basis to predict that

Burleigh might prevail against Texas Lloyd's, Inc. in state court. Burleigh's causes of action are rooted in an insurance policy dispute. Texas Lloyd's, Inc. is not an insurer but an attorney in fact, expressly authorized by Texas Lloyd's to execute insurance policies. *See* Tex. Ins. Code Ann. § 941.001 (Vernon Supp. 2006); *see also Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1983). The attorney in fact acts as an agent for the Lloyd's plan and is neither a "member" of the plan nor a bearer of risk. *Royal Ins. Co.*, 3 F.3d at 882. Absent an allegation that Texas Lloyd's, Inc. exceeded the scope of its authority, it cannot be liable on the insurance contract. *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993). No such allegation is present in this case. In an unpublished opinion, *Castillo v. State Farm Lloyd's*, the Fifth Circuit recently recognized these same principles in a case involving a non-diverse attorney in fact for a diverse insurer for Lloyd's 210 Fed. Appx. 390, 392-93 (5th Cir. Dec. 14, 2006). In affirming the district court's denial of remand, *Castillo* held that "[a]bsent allegations that [the attorney in fact] was acting in anything other than a representative capacity or that it actually engaged in any deceptive or unfair practices in connection with [insurer's] claims, [the attorney in fact] cannot be held individually liable." *Id*. at 393. Thus, assuming Burleigh meant to sue Texas Lloyd's, Inc., there is no possibility that Plaintiff can recover from Texas Lloyd's, Inc. on these facts. As such, the court dismisses Texas Lloyd's, Inc. and determines that diversity jurisdiction exists and that Defendants' removal was proper.

IV. Conclusion

The court need not resolve which party Burleigh meant to name as a defendant: either Burleigh meant to sue Texas Lloyd's all along, or Burleigh named Texas Lloyd's, Inc for the sole purpose of defeating diversity jurisdiction. Under either scenario removal was proper.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to remand (Doc. 12) is **DENIED**.

Signed at Houston, Texas, this 24th day of May, 2007.

*[Signature]*

Melinda Harmon
United States District Judge